**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RUSSELL GENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, and | ) |
| MANE MARAVIC, J. BARTEL, | )    **JURY TRIAL DEMANDED** |
| JOHN S. SMITH, MARCO A. ACEVEDO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, Russell Gens, by and through his attorney, Amanda Yarusso, complaining of Defendants City of Chicago, Mane Maravic, J. Bartel, John S. Smith, and Marco A. Acevedo to hold Defendants liable and accountable for the unlawful seizure, excessive use of force and malicious prosecution against Plaintiff while attending a peaceful protest on July 17, 2020. In support, Plaintiff alleges as follows:

## INTRODUCTION

1.     Like many cities around the country, especially those with histories of police misconduct, protests erupted in Chicago in response to the murder of George Floyd by Minneapolis police in May 2020 and continued during the summer months of 2020.

2.     Plaintiff Russell Gens joined one of those events, on July 17, 2020, an event described as a "Black, Indigenous Solidarity Rally", with the intention of participating in a peaceful celebration of Black and Indigenous Chicagoans.

3.     Chicago police officers unlawfully seized and physically attacked and injured Plaintiff Russell Gens, a peaceful protester, who posed no threat to anyone.

4.     Chicago police officers then arrested, charged and criminally prosecuted

Plaintiff based on their false allegations in an effort to conceal and justify the officers' physical abuse and unlawful seizure of Plaintiff, and in retaliation for Plaintiff's participation in an event that supported and celebrated Black and Indigenous people.

## PARTIES

5.     Plaintiff Russell Gens is an Illinois resident who lives in Chicago. At all times relevant to this Complaint, Plaintiff was attending a peaceful assembly in the exercise of his First Amendment rights.

6.     Mane Maravic, J. Bartel, John S. Smith, and Marco A. Acevedo and other unidentified Chicago police officers that had contact with Plaintiff (hereinafter collectively referred to as "Defendant Officers") are Chicago police officers who committed the acts described in this Complaint as employees and agents of the City of Chicago.  Defendant Officers and other unidentified Chicago police officers described in this Complaint engaged in the conduct complained of in the course and scope of their employment and under color of law.

7.     Defendant City of Chicago ("City" or "Chicago") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant Officers and other unidentified Chicago police officers.

## JURISDICTION AND VENUE

8.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9.     Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and Defendant City of Chicago is a municipal corporation located here. Defendant Officers, upon information and belief, also reside in this judicial district (i.e. Chicago) as a

requirement of their employment. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## FACTS

10.     On July 17, 2020, hundreds of protesters participated in an assembly to demonstrate solidarity for Black and Indigenous people's struggles against colonization and genocide, and to oppose the prominent tribute to Christopher Columbus, embodied by the Columbus statue in Grant Park, Chicago.

11.     The demonstration started at Buckingham Fountain with a series of speeches and prayer, and later progressed into a march that headed south on Columbus Drive to Grant Park.

12.     At all times relevant in this Complaint, Plaintiff was present at the Grant Park gathering to peacefully participate and exercise his First Amendment rights.

13.     At Grant Park, the large, assembled group of people marched into the park and some of the protestors surrounded the statue of Columbus, which was heavily guarded by Chicago police officers.

14.     A small group of individuals near the statue threw objects at those Chicago police officers, causing the officers to retreat from the statue and the park, and a few individuals then attempted to pull the statue down with rope.

15.     Plaintiff was not part of that small group of individuals and did not participate in those actions.

16.     After initially retreating, Chicago police officers returned to the park in an attempt to retake the statue, using extreme and indiscriminate force to protect the statue and to retaliate against all those participating in the peaceful assembly based on the actions of a small

minority.

17.     Chicago police officers descended into the park swinging their batons, bludgeoning people's heads and bodies, using pepper spray or tear gas on any and all demonstrators in the vicinity, and engaging in other forms of unjustified, indiscriminate and malicious violence.

18.     In addition to their use of excessive force, Chicago police officers unlawfully arrested people and forcibly seized over 70 bicycles belonging to protesters, including Plaintiff's bicycle.

19.     Shortly after officers ran into the park swinging batons and chemically spraying people, one or more of the Defendant Officers approached Plaintiff, grabbed Plaintiff's bicycle, and struck Plaintiff with a baton.

20.     Subsequently, one or more of the Defendant Officers surrounded Plaintiff, took Plaintiff to the ground and struck him, including beating him with their batons and punching him.

21.     One or more of the Defendant Officers then proceeded to handcuff Plaintiff and placed him in a police squadrol where Plaintiff encountered other arrested and injured people.

22.     One or more of the Defendant Officers wrote "AGG BATT" and a badge/star number on Plaintiff's arm with permanent marker.

23.     Plaintiff also had his bicycle taken from him and damaged by one or more of the Defendant Officers.

24.     At all times relevant, Plaintiff was a peaceful and nonviolent participant in the Grant Park assembly.

25.     At no time while Plaintiff was at the Grant Park gathering, did he initiate contact

- 4 -

with any police officer, strike or batter any police officer (or other person), or resist any police officer.

26.     At no time while Plaintiff was at the Grant Park gathering, did he use force or violence, individually or acting with others, against any person.

27.     At no time while Plaintiff was at the Grant Park gathering, did he participate in committing or planning the commission of any misdemeanor or felony with any other person at the gathering.

28.     Plaintiff was taken to the First District police station where he was held until approximately 4:00 am at which time he was released on an I-Bond with notice to appear in court on the charge of Mob Action (720 ILCS 5/25-1-B-4).

29.     Plaintiff sustained injuries such as multiple contusions and abrasions on his body, including his torso, eye socket and elbow, nerve damage/loss of sensation in his left hand, and severe tissue damage and loss of motion in his right elbow for which he sought and received treatment from an urgent medical care facility and physical therapy provider for approximately 2 months.

30.     Plaintiff was criminally prosecuted for the mob action charge until the charges were dismissed on April 1, 2021.

31.     Defendant Maravic was listed as the first arresting officer on reports regarding the arrest and criminal charge against Plaintiff, and Maravic signed the criminal complaint charging Plaintiff with mob action.

32.     Defendants Acevedo, Bartel, and Smith were also listed as reporting officers on the police reports regarding Plaintiff's arrest.

33.     In the police reports and criminal complaint, one or more of the Defendant

Officers falsely alleged that Plaintiff assembled with two or more persons for the purpose of using force or violence to disturb the public peace.

34.     None of the Defendant Officers or any other Chicago police officer had any probable cause to believe Plaintiff had committed the crime of mob action, aggravated battery or any other crime.

35.     As a result of the Defendant Officers' actions, as described in this complaint, Plaintiff suffered physical and emotional pain, injuries, suffering and distress, as well as loss and/or damage to personal property.

### COUNT I
### 42 U.S.C. § 1983 - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

36.      Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

37.     As described in the preceding paragraphs, one or more of the Defendant Officers subjected Plaintiff to excessive force in violation of the United States Constitution.

38.     Plaintiff suffered injuries as the result of the Defendant Officers' excessive use of force.

39.     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney's fees; in addition, Plaintiff demands punitive damages because the officers acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT II
## 42 U.S.C. § 1983 - UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

40.     Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

41.     The actions and conduct of the Defendant Officers, as set forth above, in seizing Plaintiff's person and property without probable cause or other lawful basis, violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

42.     The actions and conduct of the Defendant Officers, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused Plaintiff physical pain and suffering, emotional distress, and loss of liberty as set forth more fully above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages, plus the costs of this action and attorney's fees; in addition, Plaintiff demands punitive damages because the officers acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights, and whatever additional relief this Honorable Court deems equitable and just.

## COUNT III
## STATE CLAIM FOR MALICIOUS PROSECTION

43.     Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

44.     The acts of the Defendant Officers, as agents, and employees of Defendant City of Chicago, in charging and prosecuting Plaintiff, as alleged above, were done without probable cause and with malice.

45.     Plaintiff did not commit the acts alleged by the officers in the police reports and criminal complaint, and the criminal case was dismissed against Plaintiff.

- 7 -

46.     As a result of the criminal prosecution, Plaintiff suffered damages in the form of loss of liberty and emotional distress.

**WHEREFORE**, Plaintiff demands compensatory damages plus the costs of the action; in addition, Plaintiff demands punitive damages because the Defendant Officers acted willfully and wantonly, and whatever additional relief the Court deems equitable and just.

## COUNT IV
## RESPONDEAT SUPERIOR

47.     Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

48.     Defendant Officers and any other unidentified Chicago police officers who were involved in the malicious prosecution of Plaintiff, were acting in the scope of their employment and as agents for Defendant City of Chicago.

49.     Defendant City of Chicago is liable for the acts of its agents and employees and is therefore liable for any and all state law claims that arise out of the incident that is the subject of this Complaint.

**WHEREFORE**, Plaintiff demands judgment for any state law claims against Defendant City of Chicago in the amount awarded to Plaintiff and/or against any Chicago police officers as damages, costs and interest and/or for any settlement entered into between Plaintiff and Defendants, and for whatever additional relief the Court deems equitable and just.

## COUNT V
## INDEMNIFICATION CLAIM AGAINST DEFENDANT CITY OF CHICAGO
## PURSUANT TO 745 ILCS 10/9-102

50.     Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

51.     Defendant City of Chicago was the employer of Defendant Officers and any

other Chicago police officer at all times relevant to the complaint.

52. The Chicago police officers, including the Defendant Officers, committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**WHEREFORE**, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the City of Chicago in the amount awarded to Plaintiff and/or against any Chicago police officer as damages, attorney's fees, costs, and interest and/or for any settlement entered into between Plaintiff and Defendants, and for whatever additional relief the Court deems equitable and just.

53. Plaintiff demands trial by jury on all claims.

Submitted by:

s/Amanda S. Yarusso

111 W. Washington St., #1500
Chicago, IL 60602
(773) 510-6198
amanda.yarusso@gmail.com